## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

BRIAN CHENEY,

              Plaintiff,

                                        Case No.:

vs.                                   Honorable:

                                          Magistrate Judge:

KEEGO HARBOR POLICE DEPARTMENT;
OFFICER RICHARD LINDQUIST, in his individual and
official capacity

              Defendants.

_____/

Mungo & Mungo at Law, PLLC
Leonard Mungo (P43562)
Attorney for Plaintiff
31700 Telegraph Rd., Ste 250
Bingham Farms, MI 48025
(248)792-7557 (phone)
(248)792-7303 (fax)
Caseaction@Mungoatlaw.com

_____/

## COMPLAINT AND JURY DEMAND

      NOW COMES Plaintiff BRIAN CHENEY by and through his attorneys, Mungo & Mungo at Law, PLLC., and for his Complaint against the above-named Defendants, states as follows:

## PRELIMINARY STATEMENT

1.      This is a Civil Rights action in which Plaintiff, BRIAN CHENEY (B.C.),

seeks relief from Defendants for violation, under color of state law, of his rights, privileges, and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Fourteenth Amendment & Fourth Amendment to the United States Constitution, and the Constitution and laws of the State of Michigan, all resulting in injury to Plaintiff.

2. On July 14, 2021, Plaintiff Brian Cheney, a 45-year-old black male, was wrongfully detained, battered, and arrested by the Keego Harbor Police while walking down the street. Plaintiff was detained and arrested on the basis of his race.

3. The public humiliation, embarrassment, mortification, ridicule, and unwanted physical injury suffered by B.C. at the hands of the KEEGO HARBOR POLICE DEPARTMENT "KHPD" and OFFICER RICHARD LINDQUIST, was intentional and demonstrated a deliberate indifference to Plaintiff's Constitutional and Statutorily protected Civil Rights.

4. KHPD's failure to supervise, discipline, and train and or adequately train its officers in their duty to refrain from unlawful race discrimination, an understanding of diversity, and the Constitutional and Statutorily protected Civil Rights of citizens, was the motivating and driving force behind the deprivation of Plaintiff's Constitutional and Statutorily protected rights.

5. As a result, KHPD has adopted a custom policy, pattern and practice of racial discrimination against African Americans, other persons of color and the

deprivation of the Constitutional and Statutorily protected Civil Rights of citizens in general.

## **JURISDICTION**

6.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks redress for the violation of Plaintiffs' Constitutional and Civil Rights and this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Plaintiffs' claim for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

## **VENUE**

7.    Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b)(2), because this is the judicial district in which the events giving rise to the claim occurred.

## **JURY DEMAND**

8.    Plaintiff demands a trial by jury in this action on each and every one of his claims.

## **PARTIES**

9.    Plaintiff BRIAN CHENEY, (a Licensed Mental Health Therapist, Certified Hypnotherapist and Sports Social Worker), is a citizen of the United States and at all times material to this action was a resident of Farmington Hills, MI, within the Eastern District of Michigan.

10. Plaintiff BRIAN CHENEY is an African American male.

11. Defendant KEEGO HARBOR POLICE DEPARTMENT (hereinafter "KHPD") is a public actor, so authorized under the laws of the State of Michigan. At all relevant times herein, Defendant KHPD acted under color of regulation, usage, custom, and law, and pursuant to its policies and practices.

12. Defendant OFFICER RICHARD LINDQUIST (hereinafter "LINDQUIST") was at all times material to this action, an agent and/or officer employed by KHPD. Defendant LINDQUIST is sued in both his individual and official capacities. At all relevant times herein, Defendant LINDQUIST acted deliberately and intentionally to violate B.C.'s Constitutional, Federal and State Statutorily protected rights to be free from race discrimination and violation of his rights secured under the 14th and 4th Amendment of The Constitution of The United States. Same was done under color of regulation, usage, custom, and law, and pursuant to the policies and practices of Defendant KHPD.

13. Defendant KEEGO HARBOR POLICE DEPARTMENT participated and/or acquiesced in violating the Plaintiff's Constitutional and statutorily protected Civil Rights, including but not limited to these forms of participation:

   a. Authorization and/or ratification to violate Plaintiff's constitutional rights;

   b. *Ex post facto* ratification thereof;

   c. Created, promulgated and maintained customs, policies and practices

that were likely to lead to and/or were a moving force in the battering, unlawful detention and or arrest, and the public humiliation and embarrassment of Plaintiff;

d. Failure to train and or adequately train, supervise and discipline the KHPD employees and refusal to enforce the laws prohibiting discrimination against African Americans and or citizens in general.

## **FACTS**

14. On July 14, 2021, at approximately 6:00 A.M., Plaintiff, Brian Cheney, a 45-year-old black male, dropped his kids off for weight training at PHYX gym in the City of Keego Harbor. Plaintiff had followed this routine with his children 3-days a week for the prior two months.

15. To make good use of time, while his kids trained, Plaintiff would engage in exercise himself by walking along Orchard Lake Rd. to return to PHYX gym at the conclusion of his kids weight training sessions.

16. Plaintiff, (a Licensed Mental Health Therapist, Certified Hypnotherapist and Sports Social Worker), was scheduled (2-days after the date of this incident) to deliver the keynote speech at the St. Clair County Community Mental Health Organization's monthly meeting. To assist in preparation for his speech, the morning of the incident giving rise to this cause of action, Plaintiff was listening to a podcast through his headphones while he was walking.

17. As Plaintiff walked down the street, he observed Officer Lindquist sitting in his squad car. Lindquist looked at Plaintiff as he walked past. Suddenly,

Lindquist began yelling at Plaintiff. Plaintiff at that time informed Lindquist that he could not hear him and requested of Lindquist permission to remove his headphones so that he could hear more clearly. Upon removing his headphones, Plaintiff heard Lindquist yelling at him, stating "Get your hands out your pockets."

18.    Officer Lindquist told Plaintiff to "stop moving" and further told Plaintiff, "I'm going to frisk you because you look like you have a weapon and were going to break into cars." Lindquist also stated to Plaintiff "You avoided looking at me."

19.    Officer Lindquist asked Plaintiff "where do you live?" Plaintiff answered "Farmington Hills", Lindquist then stated "Oh, so you walked your ass all the way out here, huh?"

20.    Plaintiff told Lindquist that he walks in the area (3) three-times per week after he drops children off for their workouts at the PHYX gym which was a short distance down the street.

21.    Officer Lindquist then told Plaintiff to turn around while simultaneously violently shoving Plaintiff in the back and violently pushing Plaintiff up against a nearby car, injuring Plaintiff's groin and put handcuffs on Plaintiff tightly and jerking the handcuffs injuring Plaintiff's wrist.

22.    After Lindquist handcuffed Plaintiff, Plaintiff asked Lindquist what had Plaintiff done wrong to justify being detained, arrested, handcuffed and physically battered as there was no basis for Lindquist to stop, detain, arrest, handcuff, or put

his hands on Plaintiff. Lindquist did not respond to Plaintiff's question. Lindquist then asked Plaintiff for his driver's license. Plaintiff stated that his driver's license was in his car which was parked down the street. Lindquist then asked Plaintiff for the spelling of Plaintiff's name. Plaintiff spelled his name and provided from memory his drivers license number to Lindquist.

23.    Plaintiff constantly asked both Officer Lindquist and the other officers that arrived at the scene of the arrest what he was being arrested for and the Officers simply ignored Plaintiff. Plaintiff requested several times that officer Lindquist call his supervisor to the scene. Officer Lindquist ignored each of Plaintiff's requests. When an officer, who identified himself as "Clement" arrived at the scene, Lindquist stated to Plaintiff that "Clement" was his supervisor. "Clement" later stated to Plaintiff that he was not Lindquist's supervisor.

24.    While Plaintiff was in KHPD's custody, Officer Lindquist called Plaintiff a "Dog" and Plaintiff responded by telling Lindquist not to call him a dog, and that to do so, was offensive. Officer "Clement" then made the statement "I have a black Labrador dog but he's actually smart."

25.    Plaintiff again asked for Lindquist's supervisor. Lindquist continued to lie to Plaintiff stating to Plaintiff that "Clement" was his supervisor. Plaintiff repeatedly asked Lindquist why he was arrested and detained. Lindquist continued to ignore Plaintiff and did not answer Plaintiff's question. Plaintiff repeatedly

requested that he be released and no longer unlawfully detained/arrested. Lindquist and the other officers ignored Plaintiff's requests.

26.     Officer Lindquist began poking Plaintiff in the back to force Plaintiff to talk to him. Plaintiff refused to talk to Lindquist, stating that he will only speak with Lindquist's supervisor. Plaintiff asked Lindquist, "What are you going to do next, put your knee into my neck?"

27.     Officer Lindquist then took the hand cuffs off of Plaintiff and stated to Plaintiff without any apologies, "You can go".

28.     Plaintiff was detained by KHPD and Officer Lindquist for over 20 minutes.

29.      Lindquist was aware that Plaintiff was a black male at the time he stopped, detained, handcuffed, arrested and battered him. Lindquist  knew or should have known that he had no valid basis for stopping, detaining, handcuffing, arresting or battering Plaintiff.

30.     As a result of the physical and psychological abuse Plaintiff suffered at the hands of the KHPD and Officer Lindquist, Plaintiff had to be taken to the Emergency Room at Beaumont Hospital.

31.     Immediately after the arrest, Plaintiff began having migraines and vomiting episodes. Plaintiff immediately drove to his personal/family physician's office. His family physician would not release him due to an extreme and

dangerously elevated blood pressure reading. Plaintiff's family physician called an ambulance by which Plaintiff was transported from his family physician's office to the emergency room at Beaumont Hospital, Royal Oak, where plaintiff stayed and was not released until the following day.

32. By the foregoing acts, Defendants racially discriminated against Plaintiff, and otherwise violated Plaintiff's Constitutional, State and Federal statutorily protected Civil Rights.

33. The violation of Plaintiff's Civil Rights, by Defendant Officer Lindquist, was facilitated by the policies, practices, customs, as well as the subsequent and on-going participation and ratification of same by Defendant KHPD.

34. Among other policies, practices, and/or customs, Defendant KHPD:

  a. Failed to train and or adequately train, supervise, and/or discipline officers and other employees and agents of Defendant KHPD, with regard to racial discrimination and racial harassment and the constitutional and statutorily protected Civil Rights of citizens;

  b. Failed to train, supervise, and/or discipline administrators, officers, and other employees and agents of Defendant KHPD, as to the impropriety of using their authority and power to racially discriminate against African Americans and generally violate the constitutional and statutorily protected civil rights of citizens;

  c. Failed to train, supervise, and/or discipline administrators, officers, and other employees and agents of Defendant KHPD, that they may not assault African Americans violate their 14th and 4th amendment rights guaranteed under the Constitution; and

  d. Maintained a policy, practice, and/or custom of differential treatment of African American citizens as compared to White citizens, to wit, unlawfully arresting and battering African American citizens on the

basis of race.

35.   Any reasons given for Plaintiff's stop, detainment, arrest and battering were a pretext for KHPD's real reason, i.e., Plaintiff was an African American.

36.   White citizens are not harassed, unlawfully arrested, or battered by KHPD Officers at the same rate, if at all, at which African Americans citizens are.

37.   Defendant KHPD, acting under the color of regulation, usage, custom and law and pursuant to its policies and practices arrest African American citizens, including Plaintiff, at a disproportionate rate compared to white citizens.

38.   Defendant KHPD's established policies, practices, customs, and usages were a moving force behind the constitutional violations, suffered by Plaintiff herein.

39.   Plaintiff's injuries were caused by the deliberate and intentional acts of Defendants and were reasonably foreseeable.

40.   Plaintiff suffered injuries to his groin, wrists and general health as a result of Defendant's violation of Plaintiff's Constitutional and Statutorily secured rights and immunities from said violations of his Civil Rights. Also, at the hands of Defendants, Plaintiff suffered from public humiliation, public embarrassment, mortification, emotional and psychological injuries. Plaintiff will continue to suffer said injuries for an indeterminable period. Defendant's violation of Plaintiff's Constitutional and Statutory rights were perpetrated against Plaintiff under color of

law and pursuant to the unlawful discriminatory customs, policies and practices of Defendant, KHPD.

## CLAIMS

### *FIRST CLAIM FOR RELIEF*

**42 U.S.C. § 1983**
**Fourteenth Amendment Equal Protection**
**Against All Defendants**

41.    Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs, as if fully set forth herein.

42.    At all times alleged herein, Defendant OFFICER LINDQUIST was acting under the color of law.

43.    The Equal Protection clause of the Fourteenth Amendment to the United States Constitution requires that no citizen may be denied equal access to rights, privileges, and immunities secured by the Constitution and its laws on the basis of their race nor discriminated against in any way based on race.

44.    Defendants OFFICER LINDQUIST and KHPD intentionally deprived Plaintiff of equal access to rights, privileges, and immunities, and otherwise discriminated against Plaintiff based upon his race, by unlawfully detaining, arresting, and battering Plaintiff, because of Plaintiff's race, to wit, African-American.

45.    Plaintiff's Constitutional rights were clearly established at the time of

the misconduct because a reasonable Officer would understand that such acts would cause a deprivation of B.C.'s rights.

46. At all times herein, the individually named and identified Defendants intentionally discriminated against Plaintiff based on his race in all manner of ways as set forth herein all in violation of 42 U.S.C. §1983.

47. Defendant OFFICER LINDQUIST intentionally discriminated against Plaintiff by detaining, arresting, and battering Plaintiff because of Plaintiff's race.

48. Defendants' intentional and deliberate indifference to Plaintiff's Civil Rights was the moving force behind Plaintiff's deprivation of Plaintiff's Constitutional Right to the quality of life and access to rights, and freedoms that Caucasian citizens are provided.

49. As a direct and proximate result of Defendants' actions, Plaintiff sustained, inter alia, the following injuries which were a foreseeable consequence of Defendants' actions:

    a. Conscious psychological and emotional pain, suffering, anguish, distress, and fear, past and future;

    b. Plaintiff's constant and on-going sense of uncertainty and insecurity with regard to basic human rights;

    c. Disruption of Plaintiff's every day life and the rights secured therein; and

    d. Physical injuries sustained as a result of the unwanted physical contact of Defendants.

50. As a direct and proximate result of the unconstitutional acts of the

Defendants as alleged herein, Plaintiff has sustained a violation of his right to equal

protection of the law and, as a result, is entitled to damages that include, but are not

limited to:

    a) Damages for physical and bodily injury;
    b) Damages for medical expenses;
    c) Damages for pain and suffering;
    d) Damages for embarrassment, humiliation, outrage, mental anguish, fear and mortification, and stress.
    e) Punitive damages in the amount of 10 million dollars; and
    f) Attorney fees and costs, pursuant to 42 U.S.C. § 1988.

## *SECOND CLAIM FOR RELIEF*

**Violation of 42 U.S.C. § 1983**
**Fourteenth Amendment SUBSTANTIVE DUE PROCESS**
**As to all Defendants**

51.    Plaintiff incorporates by reference the allegations set forth in the

foregoing paragraphs, as if fully set forth herein;

52.    At all times herein Defendants owed to Plaintiff a duty to protect

Plaintiff from and provide an environment free of racial discrimination and/or

harassment.

53.    In their actions, set forth above, OFFICER LINDQUIST and KHPD

knowingly and/or with deliberate indifference violated the Plaintiff's clearly

established fundamental right to be free from racial discrimination and harassment,

unreasonable punishment, public humiliation, degradation and embarrassment based

on his race and for no valid or lawful purpose whatsoever, as secured by the

Fourteenth Amendment to the United States Constitution.

54.     Furthermore, the above referenced punishment, humiliation, degradation and embarrassment invaded and violated Plaintiff's sense of conscience and ethics, as secured by the Fourteenth Amendment to the United States Constitution.

55.     Defendants' conduct was so egregious and so outrageous that it shocks the contemporary conscience, and it constituted an arbitrary exercise of governmental power, unjustified by any legitimate, lawful or governmental interest.

56.     Defendants caused these violations in part through the following conduct:

   a. They affirmatively undertook deliberate actions that resulted in B.C. being assaulted and battered against his will by OFFICER LINDQUIST for no valid and/or lawful basis whatsoever; and

   b. Defendants' actions were clearly unreasonable, excessive and abusive.

   c. Defendants' stop, detainment, arrest, and battering of Plaintiff was because of his race to wit, African American.

57.     As a direct and proximate result of the aforementioned actions taken by Defendants OFFICER LINDQUIST and KHPD, Plaintiff sustained the following injuries and damages:

   a. Conscious psychological and emotional pain, suffering, anguish, distress, and fear, past and future;

   b. Plaintiff's constant and on-going sense of uncertainty and insecurity with regard to basic human rights;

c.  Disruption of Plaintiff's everyday life and the rights secured therein; and

d.  Physical injuries sustained as a result of the unwanted physical contact of Defendants.

58.     As a direct and proximate result of the unconstitutional acts of the Defendants as alleged herein, Plaintiff has sustained a violation of his right to equal protection of the law and, as a result, is entitled to damages that include, but are not limited to:

a)  Damages for physical and bodily injury;
b)  Damages for medical expenses;
c)  Damages for pain and suffering;
d)  Damages for embarrassment, humiliation, outrage, mental anguish, fear and mortification, and stress.
e)  Punitive damages in the amount of 10 million dollars; and
f)  Attorney fees and costs, pursuant to 42 U.S.C. § 1988.

### *THIRD CLAIM FOR RELIEF*

**42 U.S.C. § 1983**
***MONELL* CLAIM**
**Against Defendant Keego Harbor Police Department**

59.     Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs, as if fully set forth herein;

60.     At all times herein, the KEEGO HARBOR POLICE DEPARTMENT maintained a series of policies, customs, and practices which individually and collectively constituted a moving force in the constitutional violations asserted herein, including but not limited to:

a. Direct humiliating, outrageous, racist, and belittling antagonism toward African Americans;

b. Failure to train its officers as to the mandatory requirement that racial harassment is inexcusable and will be responded to with outright discharge;

c. Failure to train its police officers with regard to the use of hostile statements and verbalisms directed against African Americans;

d. Failure to address known complaints of actions and remarks by its police officers directed at African Americans;

e. Failure, amounting to a refusal, to discipline its officers for engaging in humiliating, outrageous, racist, and belittling actions directed at African Americans;

61.     These customs, policies, and practices of the KEEGO HARBOR POLICE DEPARTMENT were a moving force in the constitutional violations inflicted by the individual Defendants upon the Plaintiff, as set forth herein, above;

62.     As a direct and proximate result of the unconstitutional acts of the Defendants as alleged herein, Plaintiff has sustained a violation of his right to equal protection of the law and, as a result, is entitled to damages that include, but are not limited to:

a)  Damages for physical and bodily injury;
b)  Damages for medical expenses;

c) Damages for pain and suffering;
d) Damages for embarrassment, humiliation, outrage, mental anguish, fear and mortification, and stress.
e) Punitive damages in the amount of 10 million dollars; and
f) Attorney fees and costs, pursuant to 42 U.S.C. § 1988.

### *FOURTH CLAIM FOR RELIEF*

### ASSAULT AND BATTERY AGAINST DEFENDANT OFFICER LINDQUIST

63.    Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs, as if fully set forth herein;

64.    On or about July 14, 2021, Defendant OFFICER LINDQUIST intentionally, physically pushed, poked, handcuffed and violently threw Plaintiff's body into an automobile while calling him a "Dog."

65.    The foregoing actions by Defendant OFFICER LINDQUIST were an intentional, unlawful, and unauthorized or offensive touching to Plaintiff's person.

66.    Defendant OFFICER LINDQUIST, under the circumstances created well-founded fear in Plaintiff.

67.    Plaintiff had lawful access to the area in which he was assaulted and battered in that he was simply walking down the street.

68.    Defendant OFFICER LINDQUIST's actions were an assault and battery upon Plaintiff in violation of Michigan common law.

69.     As a direct and proximate cause of Defendant ELY's violation of

Michigan common law, Plaintiff suffered, inter alia¸ the following injuries which were a foreseeable consequences of Defendant's actions Conscious psychological and emotional pain, suffering, anguish, distress, and fear, past and future.

70.    As a direct and proximate result of the unconstitutional acts of the Defendants as alleged herein, Plaintiff has sustained a violation of his right to equal protection of the law and, as a result, is entitled to damages that include, but are not limited to:

    a) Damages for physical and bodily injury;
    b) Damages for medical expenses;
    c) Damages for pain and suffering;
    d) Damages for embarrassment, humiliation, outrage, mental anguish, fear and mortification, and stress.
    e) Punitive damages in the amount of 10 million dollars; and
    f) Attorney fees and costs, pursuant to 42 U.S.C. § 1988.

## *FIFTH CLAIM FOR RELIEF*

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT OFFICER LINDQUIST AND OFFICER CLEMENT

71.    Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs, as if fully set forth herein.

72.    On or about July 14, 2021, Defendant OFFICER LINDQUIST intentionally, physically pushed, poked, handcuffed and violently threw Plaintiff's body into an automobile while calling him a "Dog."

73.   The foregoing actions by Defendant OFFICER LINDQUIST were an intentional, unlawful, and unauthorized or offensive touching to Plaintiff's person.

74.   Defendant OFFICER LINDQUIST, under the circumstances created well-founded fear in Plaintiff.

75.   Plaintiff had lawful access to the area in which he was assaulted and battered in that he was simply walking down the street;

76.   Defendant LINDQUIST'S actions against Plaintiff B.C. are extreme and outrageous and is the type of conduct that falls outside all bounds of human decency, thus shocking the human conscious.

77.   Defendant LINDQUIST acted with the intent to cause Plaintiff B.C. emotional distress or with a reckless disregard as to whether her actions would lead to said emotional distress.

78.   Defendant LINDQUIST'S conduct as outlined above was for an ulterior motive or purpose.

79.   Defendant LINDQUIST'S actions are a direct and proximate cause of Plaintiff B.C.'s emotional distress.

80.   Plaintiff B.C. suffered severe emotional distress as a result of Defendant LINDQUIST's conduct in violation of Michigan's common law.

WHEREFORE, Plaintiff demands the following relief against all Defendants, jointly

and severally, for the violation of his rights as set forth herein:

    a. Damages for physical and bodily injury;
    b. Damages for medical expenses;
    c. Damages for pain and suffering;
    d. Damages for embarrassment, humiliation, outrage, mental anguish, fear and mortification, and stress.
    e. Punitive damages in the amount of 10 million dollars; and
    f. Attorney fees and costs, pursuant to 42 U.S.C. § 1988

July 16, 2021                Respectfully submitted,

                      **MUNGO & MUNGO AT LAW, PLLC**

                      By: */s/Leonard Mungo*_____
                      Leonard Mungo (P43562)
                      Mungo & Mungo at Law, PLLC
                      Attorneys for Plaintiff
                      31700 Telegraph Rd., Ste 250
                      Bingham Farms, MI 48025
                      (248)792-7557 (phone)
                      (248)792-7303 (fax)
                      Caseaction@Mungoatlaw.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRIAN CHENEY,

        Plaintiff,

                                  Case No.:

vs.                            Honorable:

                                  Magistrate Judge:

KEEGO HARBOR POLICE DEPARTMENT;
OFFICER RICHARD LINDQUIST, in his individual and
official capacity

        Defendants.

_____/

Mungo & Mungo at Law, PLLC
Leonard Mungo (P43562)
Attorneys for Plaintiff
31700 Telegraph Rd., Ste 250
Bingham Farms, MI 48025
(248)792-7557 (phone)
(248)792-7303 (fax)
Caseaction@Mungoatlaw.com

_____/

## <u>DEMAND FOR JURY TRIAL</u>

        Plaintiff demands a jury trial on all causes of action and claims to which he has a right to a jury trial.

                      Respectfully submitted,

                      By: *<u>/s/Leonard Mungo</u>*____
                      Mungo & Mungo at Law, PLLC
                      Attorneys for Plaintiff
                      31700 Telegraph Rd., Ste 250
                      Bingham Farms, MI 48025
                      (248)792-7557 (phone)
                      (248)792-7303 (fax)
                      Caseaction@Mungoatlaw.com

Dated July 16, 2021