# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**BRIAN CHANEY,**

       **Plaintiff,**

                              **Case No. 2:21-cv-11662**

**vs.**                                **Hon. J.C. Grey**

**RICHARD  LINDQUIST, in his individual capacity**

       **Defendant,**

_____

## PLAINTIFF BRIAN CHANEY'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT READDING ITS INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS STATE LAW COUNT

NOW COMES Plaintiff, BRIAN CHANEY, by and through his attorneys, Mungo & Mungo At Law, PLLC, moves for this Court to allow Plaintiff the opportunity to Amend its complaint readding its state law claim of intentional infliction of emotional distress, relies on the attached brief.

Leonard Mungo
Mungo & Mungo At Law PLLC

*/s/ Leonard Mungo*
Leonard Mungo (P43562)
Mungo & Mungo At Law PLLC
Attorney Plaintiff
31700 Telegraph Rd., STE. 250
Bingham Farms, MI 48025
(248) 792-7557
caseaction@mungoatlaw.com

Dated:  November 3, 2023

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**BRIAN CHANEY,**

                    **Plaintiff,**

                                             **Case No. 2:21-cv-11662**
**vs.**                                       **Hon. J.C. Grey**

**OFFICER   RICHARD   LINDQUIST, in his**
**individual capacity**

                    **Defendant,**

_____  _____

### PLAINTIFF BRIAN CHANEY'S MOTION FOR
### LEAVE TO AMEND ITS COMPLAINT
### READDING ITS INTENTIONAL INFLICTION OF EMOTIONAL
### DISTRESS STATE LAW COUNT

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ……………………………….……...….…… ii

STATEMENT OF ISSUES PRESENTED …………….……….…..…..….…. iv

CONTROLLING AUTHORITY ……………………….……….…..……. v

INTRODUCTION…..………………………………………….…....……..... 1

STANDARD OF REVIEW …………………………………….…....…..... 3

ARGUMENT …………………………………………………….……... 4

       I.     Plaintiff's state law claims were dismissed without prejudice … 4

       II.    Plaintiff's state law claims were wrongfully dismissed ……….. 6

       III.   Judicial economy weighs in favor of this Court hearing Plaintiff's
            IIED claims ………………………………...……………. 10

CONCLUSION…………………………….……….……....…………… 13

## INDEX OF AUTHORITIES

*Foman v. Davis*,
371 U.S. 178, 182; 83 S. Ct. 227; 9 L.Ed.2d 222 (1962) ………….….….. 3

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
531 U.S. 497, 505–06, 121 S. Ct. 1021, 1027, 149 L. Ed. 2d 32 (2001) ... 4

*Lemmerman v. Fealk*,
449 Mich. 56, 63–64, 534 N.W.2d 695, 697 (1995) …………………….….. 5

*In United Mine Workers of America v. Gibbs*,
383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) …….….………….. 7

*Wrack v. City of Detroit*,
No. 2:07-CV-12196, 2007 WL 2121995, at *1 (E.D. Mich. July 24, 2007)
…………………………………………………………………………………. 7, 8

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*,
140 F.3d 442, 448 (2d Cir.1998) ……………….…………………………. 8

*Moor v. Cty. Of Alameda*,
411 U.S. 693, 716 (1973) ……………………………………………...…… 9

*Padilla v. city of Saginaw*,
867 F. Supp. 1309, 1315 (E.D. Mich. 1994) …………….…………………. 9

*Carnegie-Mellon Univ. v. Cohill*,
484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988) … 10

*Levin v. Com. Energy, Inc.*,
560 U.S. 413, 431, 130 S. Ct. 2323, 2336, 176 L. Ed. 2d 1131 (2010) ... 11

**<u>Statutes</u>**

Fed. R. Civ. P. 15(a)(2) …………………………………..…………………….….. 2

M.C.L. § 600.5805(2) ……………………………………………………………. 2

M.S.A. § 27A.5805(2) …………………………………………………………… 5

M.C.L. § 600.5827 ……………………………….…………………………….… 5

M.S.A. § 27A.5827 ……………………………………………………………… 5

Fed. Civ. P. 1367(c) …………………………………..……………… 6, 7

## STATEMENT OF ISSUES PRESENTED

I.    Whether Plaintiff can amend his Complaint to readd his Michigan state law claim alleging intentional infliction of emotional distress when it was erroneously dismissed without prejudice on the basis of supplemental jurisdiction by the federal District Court in which was the claim was brought and where judicial economy, comity, convenience and fairness weigh in favor of the federal District Court hearing said state law count?

## CONTROLLING AUTHORITY

Fed. R. Civ. P. 15(a)(2)

*Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531
U.S. 497, 505–06, 121 S. Ct. 1021, 1027, 149 L. Ed. 2d 32 (2001).

## INTRODUCTION

On September 19, 2023, this Court heard oral arguments on Defendant's Motion for Summary Judgement, where Plaintiff and Defendants argued Plaintiff's state law claims. Plaintiff apologizes to this Court for failing to bring to this Court's attention the fact that Judge Nancy Edmunds dismissed Plaintiff's said state counts sua sponte without prejudice roughly two (2) months after Plaintiff filed its Complaint. Plaintiff's failure to bring same to the attention of the Court was inadvertent and excusable neglect, as due to the timing of certain events during the proceedings in this case, Plaintiff simply forgot.[1] Therefore, Plaintiff now brings this Motion for leave to make a Third Amendment to its Complaint to add its state count of Intentional Infliction of Emotional Distress. The two (2) year statute of limitations has accrued as to Plaintiff's state law claim of assault and battery, for that reason, Plaintiff does not seek to amend its Complaint to add that particular claim.

This Court is already aware of the facts of this instant case and

---

[1] Apparently so did Defendants.

the events giving rise to same which occurred on July 14, 2021, involving Plaintiff Brian Chaney, an African American male when he was unlawfully stopped, detained, arrested, harassed, and battered by a white Officer, Richard Lindquist who at all times material hereto was an employee of the Keego Harbor Police Department as a police officer ("KHPD"). Plaintiff filed his complaint with this Court on July 16, 2021, and his First Amended Complaint on July 19, 2021. On September 10, 2021, the Honorable Judge Nancy Edmunds, erroneously dismissed Plaintiff's State law claims of assault and battery and intentional infliction of emotional distress, pursuant to U.S.C. 1367(c)(4).

However, in Defendant, Richard Lindquist's Motion for Summary Judgement filed on September 8, 2022, Defendant Lindquist made arguments in opposition of Plaintiff's state law counts of assault and battery and intentional infliction of emotional distress and made no mention of the dismissal of said state claims by Judge Edmunds on September 10, 2021, in both its Motion for Summary Judgement and before the Court in during arguments on September 19, 2023. Plaintiff responded opposing the dismissal of its State claims. On June 6, 2023, this case was reassigned to the Honorable Judge Jonathan J.C. Grey. On

2

September 29, 2023, Judge J.C. Grey issued an order denying Lindquist's Motion for Summary Judgement in its entirety, including its attempt to have Plaintiff's State law claims dismissed. On October 13, 2023, Defendant Lindquist filed a Motion for Reconsideration revolving around this Court's denial of its Motion for Summary Judgement in regard to Plaintiff's state law claims of assault and battery and intentional infliction of emotional distress based on the above-described dismissal of same by Judge Edmunds on September 10, 2021. The Court granted Defendant's Motion for Reconsideration in part and dismissed Plaintiff's state law claims on October 27, 2023.

## STANDARD OF REVIEW

Fed. R. Civ. P. 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Grounds for denying a motion for leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, failure to cure deficiencies by amendments previously allowed prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182; 83 S. Ct. 227; 9 L.Ed.2d 222 (1962). None of the aforementioned are present in the instant case.

3

## ARGUMENT

### I.   Plaintiff's State law claims were dismissed Without Prejudice

The Supreme Court in *Semtek Int'l Inc* held, "The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequence of not barring the claim from *other* courts, but its primary meaning relates to the dismissing court itself. Thus, Black's Law Dictionary (7th ed.1999) defines "dismissed without prejudice" as "removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim," *id.,* at 482, 92 P.2d 804, and defines "dismissal without prejudice" as "[a] dismissal that *506 does not bar the plaintiff from refiling the lawsuit within the applicable limitations period," *ibid. Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 505–06, 121 S. Ct. 1021, 1027, 149 L. Ed. 2d 32 (2001).

As stated by the Supreme Court, a dismissal without prejudice does not bar a Plaintiff from bringing the same claim in the same court as long as same is done within the applicable statute of limitations period. In this instant case, Plaintiff's state law claims were dismissed without

4

prejudice, therefore, Plaintiff should be able to Amend its complaint to re-allege (the same allegations) its intentional infliction of emotional distress claim because it falls within the applicable statute of limitations period. (**See Ex. 2 Plaintiff's Proposed Amended Complaint**)

The courts have stated that under state law in Michigan a claim of intentional infliction of emotional distress has a three-year statute of limitations period. "As a general rule, untimely filed tort claims are barred by the statute of limitations. Claims for assault and battery normally must be brought within two years after they accrue, and claims for negligence and intentional infliction of emotional distress must be brought within three years after they accrue in order to avoid the limitation bar. M.C.L. § 600.5805(2), (8); M.S.A. § 27A.5805(2), (8). A claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results." M.C.L. § 600.5827; M.S.A. § 27A.5827. *Lemmerman v. Fealk*, 449 Mich. 56, 63–64, 534 N.W.2d 695, 697 (1995). Plaintiff's claims accrued on July 14, 2023, which is when Plaintiff was unlawfully stopped, detained and arrested by Defendant Lindquist. For the abovementioned reasons, this Court should

grant Plaintiff's Motion to Amend its Complaint and re-allege is intentional infliction of emotional distress claim.

## II.   Plaintiff's State law claims were wrongfully dismissed.

U.S.C. 1367 (a) holds, "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." Fed. Civ. P. 1367(a). Section (c) holds **(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- **(1)** the claim raises a novel or complex issue of State law, **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, **(3)** the district court has dismissed all claims over which it has original jurisdiction, or **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Fed. Civ. P. 1367(c)

The Court relied on U.S.C. § 1367(c)(4) as a basis for deciding to dismiss Plaintiff's state law claims. **(See ECF No. 14, PageID.98).** However, this court has also noted that U.S.C. § 1367(c)(4) is a high standard to meet in the unpublished decision in *Wrack*. **(Ex. 1 *Wrack v. City of Detroit,* No. 2:07-CV-12196, 2007 WL 2121995, at \*1 (E.D. Mich. July 24, 2007**)).   *"In United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court broadly authorized federal courts to assert jurisdiction over state law claims when there existed a "common nucleus of operative fact" compromising "but one constitutional 'case,' " so long as the court had original jurisdiction over at least one claim *Wrack v. City of Detroit,* No. 2:07-CV-12196, 2007 WL 2121995, at \*1 (E.D. Mich. July 24, 2007). "Congress's use of the word 'other' to modify 'compelling reasons' indicates that what ought to qualify as 'compelling reasons' for declining jurisdiction under subsection (c) (4) should be of the same nature as the reasons that gave rise to the categories listed in subsections (c)(1)-(3)." *Executive Software,* 24 F.3d at 1557. *Wrack v. City of Detroit,* No. 2:07-CV-12196, 2007 WL 2121995, at \*2 (E.D. Mich. July 24, 2007). "Courts must ensure that the reasons for declining to exercise supplemental

7

jurisdiction identified as "compelling" are not deployed in circumstances that are not "exceptional." *Executive Software,* 24 F.3d at 1558. Courts agree that the inclusion of the phrase "exceptional circumstances" limits the broad discretion that district courts once entertained under *Gibbs* to deny supplemental jurisdiction in any case." *See, e.g., Itar-Tass Russian News Agency v. Russian Kurier, Inc.,* 140 F.3d 442, 448 (2d Cir.1998); *Executive Software,* 24 F.3d at 1558. *Wrack v. City of Detroit,* No. 2:07-CV-12196, 2007 WL 2121995, at *6 (E.D. Mich. July 24, 2007).

The issues in Plaintiff's state law intentional infliction of emotional distress and its Constitutional claim share a common nucleus of operative fact because Plaintiff's intentional infliction of emotional distress claim arose as a result of Defendant's Lindquist's deprivation of Plaintiff's Fourth Amendment Rights.

The compelling reason given by the Court's September 10, 2021, Order does not relate to any of the categories in U.S.C. § 1367(c)(1)-(3). Intentional Infliction of emotional distress is not a novel nor a complex issue of State law, it does not substantially predominate over the claims over Plaintiff's Fourth Amendment claim, and the Court has not dismissed Plaintiff's Fourth Amendment claim.

The cases the Court cited in denying Plaintiff's state law claims *Moor v. Cty. Of Alameda,* 411 U.S. 693, 716 (1973) and *Padilla v. city of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994). In *Moor*, the Court the Court held that the jury would be confused because the California Tort Act was unsettled. *Moor v. Alameda Cnty.,* 411 U.S. 693, 717, 93 S. Ct. 1785, 1799–800, 36 L. Ed. 2d 596 (1973). That issue does not exist in the present case. Further, the court cited that the confusion to the jury would result because the Plaintiff's state claim was against the County which only the state of California had jurisdiction over. *Id.* at 1787-88. That issue also does not exist in this case as the KHPD has been dismissed from this case. In *Padillia*, vicarious liability and the difference between municipality liability and individual liability was at issue and the Plaintiff brought claims of excessive force against the police. *Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1316 (E.D. Mich. 1994) Again, because KHPD has been dismissed from this action, Plaintiff's causes of action no longer involve municipality issues or issues of vicarious liability. Further, Plaintiff's present claims do ***not*** allege excessive force which would create an additional issue of intent for the jury to decide. For the reasons listed above, this Court should grant

9

Plaintiff's Motion to Amend its Complaint to bring its intentional infliction of emotional distress count. The parties have already had ample opportunity to present these challenges and defenses, respectfully, as to the legal viability of Plaintiff's intentional infliction of emotional distress claim. The Court has already heard the parties' arguments on said claims and has ruled that this claim should, otherwise proceed before a jury.

### III.   Judicial economy weighs in favor of this Court hearing Plaintiff's intentional infliction of emotional distress claim.

The Supreme Court in *Carnegie-Mellon Univ.* held:

> …. a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain,[7] the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988).

First, when looking at judicial economy, Plaintiff's intentional infliction of emotional distress claim should remain with this Court.

If Plaintiff were to file its claim in state court, the court would occupy itself with a matter and issues that arose out of a common nucleus of operative facts that have already been prosecuted over a two-year period in this Court. Same would take away from novel matters brought in that court. Further, Plaintiff would be delayed in seeking recourse for his causes of action against Defendant from a matter that was brought before this Court more than two (2) years ago. This Court in inadvertently ruling (because it was not aware of the previous dismissal of Plaintiff's state law claims) in favor of Plaintiff in denying Defendant's MSJ regarding Plaintiff's state law claims, named no issue of potential jury confusion in its decision.

Convenience weighs in favor of this Court keeping Plaintiff's intentional infliction of emotional distress claim. As expressed above, this case has been litigated for over two years, for both parties to take on costs and time of bringing Plaintiff's state law claim in state court would result in a great inconvenience.

Next, it would be fair to Plaintiff and Defendant if the matter were heard by this Court, because neither party would be exposed to any surprises or prejudices if this matter were heard by this

Court. Should Plaintiff file in state court, the parties would only be subjected to putting more time and money into an issue that has already been litigated before this Court.

"Comity, in sum, serves to ensure that "the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Levin v. Com. Energy, Inc.,* 560 U.S. 413, 431, 130 S. Ct. 2323, 2336, 176 L. Ed. 2d 1131 (2010). Nothing in this matter points to a conceivable notion that this Court's exercise over Plaintiff's state law claim would interfere with legitimate activities of the state of Michigan. As stated above, intentional infliction of emotional distress is a settled area of law in Michigan, so no underlying state principles or interest will be disrupted by this Court hearing Plaintiff's state law claims.

The parties are far from the early stages of litigation and Plaintiff's United States Constitutional claim has not been dropped out of this lawsuit.

## <u>CONCLUSION</u>

For the reasons above, Plaintiff requests that this court grant Plaintiff's Motion for Leave to Amend its Complaint to add a count of Intentional Infliction of Emotional distress because justice so requires.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the attached Plaintiff's Motion For Leave to Amend its Complaint and this proof of service were served upon all parties via the CM/ECF filing system at the email addresses as provided in the pleadings of this matter on November 3, 2023

.

By: _____ U.S. Mail _____ FAX \_\_\_<u>XX</u>\_\_\_ Electronic Filing

_____ */s/ Leonard Mungo* _____
LEONARD MUNGO (P43562)

Plaintiff sought concurrence in accordance to local rule 7.1 but did not receive a response.