# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN CHANEY,

    Plaintiff,

vs.

    Case No.: 2:21-cv-11662
    Honorable: J.C. Grey

OFFICER RICHARD LINDQUIST, in his individual capacity

    Defendants.

_____/

| | |
|---|---|
| Mungo & Mungo at Law, PLLC | Rosati Schultz Joppich |
| Leonard Mungo (P43562) | & Amtsbuechler PC |
| Attorney for Plaintiff | Margaret T, Debler (P43905) |
| 31700 Telegraph Rd., Ste 250 | Attorney for Defendant Lindquist |
| Bingham Farms, MI 48025 | 27555 Executive Drive, Ste. 250 |
| (248)792-7557 (phone) | Farmington Hills, MI 48331 |
| (248)792-7303 (fax) | (248) 489-4100 |
| Caseaction@Mungoatlaw.com | mdebler@rsjalaw.com |

_____/

## THIRD AMENDED COMPLAINT AND JURY DEMAND

    NOW COMES Plaintiff BRIAN CHANEY by and through his attorneys, Mungo & Mungo at Law, PLLC., and for his Third Amended Complaint against the above-named Defendant, states as follows:

### PRELIMINARY STATEMENT

    1.    This is a Civil Rights action in which Plaintiff, BRIAN CHANEY ("Plaintiff"), seeks relief from Defendants for violation, under color of law, of his

1

rights, privileges, and immunities secured by 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, and the Constitution and laws of the State of Michigan, all resulting in injury to Plaintiff.

2. On July 14, 2021, Plaintiff Brian Chaney, a 48-year-old black male, was wrongfully detained, battered, and arrested by the Keego Harbor Police while walking down the street. Plaintiff was detained, arrested, assaulted, and battered on the basis of his race and without reasonable suspicion or probable cause.

3. The public humiliation, embarrassment, mortification, ridicule, and unwanted physical injury suffered by Plaintiff at the hands of OFFICER RICHARD LINDQUIST, was intentional and demonstrated a deliberate indifference to Plaintiff's Constitutional and Statutorily protected Civil Rights.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks redress for the violation of Plaintiff's Constitutional Rights and this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff's state law claims.

## VENUE

5. Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b)(2), because this is the judicial district in which the events giving rise to the claim occurred.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action on each one of his claims.

## PARTIES

7. Plaintiff BRIAN CHANEY is a citizen of the United States and at all times material to this action was a resident of Farmington Hills, MI, within the Eastern District of Michigan.

8. Plaintiff BRIAN CHANEY is an African American male.

9. Defendant OFFICER RICHARD LINDQUIST (hereinafter "LINDQUIST") was at all times material to this action, an agent and/or officer employed by the Keego Harbor Police Department ("KHPD"). Defendant LINDQUIST is sued in his individual capacity. At all relevant times herein, Defendant LINDQUIST acted deliberately and intentionally to violate Plaintiff's Constitutional, Federal and State Statutorily protected rights to be free from race discrimination, assault and battery, and unreasonable stops, searches and seizures as secured under the 4th Amendment to The Constitution of The United States. Same was done under color of regulation, usage, custom, and law.

## FACTS

10. On July 14, 2021, at approximately 6:00 A.M., Plaintiff, Brian Chaney, a 48-year-old black male, dropped his sons off for weight training at PHYX gym in the City of Keego Harbor. Plaintiff had followed this routine with his sons three (3)

days a week for the previous two (2) months.

11. To make good use of time, while his kids trained, Plaintiff would engage in exercise himself by walking along Orchard Lake Rd. to return to PHYX gym at the conclusion of his sons' weight training sessions.

12. Plaintiff, (a Licensed Mental Health Therapist, Certified Hypnotherapist and Sports Social Worker), was scheduled (The very next day after the date of this incident giving rise to this action, July 15, 2021) to deliver the keynote speech at the St. Clair County Community Mental Health Organization's monthly meeting. To assist in preparation for his speech, the morning of the incident described herein, Plaintiff was listening to a podcast through his wired headphones while he was walking.

13. Plaintiff was walking Southbound on the Eastside of Orchard Lake Road, holding a coffee cup and wearing his wired headphones while listening to a speech. As Plaintiff was walking, he noticed Defendant Lindquist inside of his Police vehicle parked in a driveway facing Orchard Lake Road. Plaintiff walked for another block or so Southbound on Orchard Lake Road. Plaintiff then turned around and began walking back Northbound on Orchard Lake Road. At that time Lindquist had pulled out of the driveway and began to drive Southbound on Orchard Lake Road in the direction of Plaintiff. As Defendant Lindquist drove his vehicle toward Plaintiff, he suddenly alighted from his vehicle, began walking toward Plaintiff while shouting

at him ordering Plaintiff to "get your hands out of your pockets."

14. Officer Lindquist told Plaintiff to "stop moving" and further told Plaintiff, "I'm going to frisk you because you look like you have a weapon and were going to break into cars." Lindquist also stated to Plaintiff "You avoided looking at me."

15. Officer Lindquist asked Plaintiff "where do you live?" Plaintiff answered "Farmington Hills", LINDQUIST then stated "Oh, so you walked your ass all the way out here from Farmington Hills?"

16. Plaintiff told LINDQUIST that he walks in the area (3) three-times per week after he drops children off for their workouts at the PHYX gym which was a short distance down the street.

17. Officer Lindquist then told Plaintiff to turn around while simultaneously violently shoving Plaintiff in the back up against a nearby car, injuring Plaintiff's groin. LINDQUIST then proceeded to put handcuffs on Plaintiff tightly while jerking the handcuffs causing injury to Plaintiff's wrists.

18. After LINDQUIST handcuffed Plaintiff, Plaintiff asked LINDQUIST what Plaintiff had done wrong to justify being detained, arrested, handcuffed and physically battered as there was no basis for LINDQUIST to stop, detain, arrest, handcuff, or put his hands on Plaintiff. LINDQUIST did not respond to Plaintiff's question. LINDQUIST then asked Plaintiff for his driver's license. Plaintiff stated that his driver's license was in his car which was parked down the street.

LINDQUIST then asked Plaintiff for the spelling of Plaintiff's name. Plaintiff spelled his name and provided from memory his driver's license number to Lindquist.

19. Plaintiff constantly asked both Officer Lindquist and the other officers that arrived at the scene of the arrest what he was being arrested for and the Officers simply ignored Plaintiff. Plaintiff requested several times that officer Lindquist call his supervisor to the scene. Officer Lindquist ignored each of Plaintiff's requests. When an officer, who identified himself as "Clement" arrived at the scene, LINDQUIST stated to Plaintiff that "Clement" was his supervisor. "Clement" later stated to Plaintiff that he was not LINDQUIST's supervisor.

20. While Plaintiff was in KHPD's custody, Officer Lindquist called Plaintiff a "Dog" and Plaintiff responded by telling LINDQUIST not to call him a dog, and that to do so, was offensive. Officer "Clement" then made the statement "I have a black Labrador dog but he's actually smart."

21. Plaintiff again asked for LINDQUIST's supervisor. Lindquist continued to lie to Plaintiff stating to Plaintiff that "Clement" was his supervisor. Plaintiff repeatedly asked Lindquist why he was arrested and detained. LINDQUIST continued to ignore Plaintiff and did not answer Plaintiff's question. Plaintiff repeatedly requested that he be released and no longer unlawfully detained/arrested. LINDQUIST and the other officers ignored Plaintiff's requests.

22. Officer Lindquist began poking Plaintiff in the back to force Plaintiff to talk to him. Plaintiff refused to talk to LINDQUIST, stating that he will only speak with LINDQUIST's supervisor. Plaintiff asked Lindquist, "What are you going to do next, put your knee into my neck?"

23. Officer Lindquist then took the hand cuffs off Plaintiff and stated to Plaintiff without any apologies, "You can go."

24. Plaintiff was detained against his will by KHPD and Officer Lindquist for over 15 minutes after clearing Plaintiff of any potential suspicions, at least ten (10) of those minutes, Plaintiff was handcuffed.

25. LINDQUIST was aware that Plaintiff was a black male at the time he stopped, detained, handcuffed, arrested, and battered him. LINDQUIST knew or should have known that he had no valid basis, reasonable suspicion and or probable cause for stopping, detaining, handcuffing, arresting, and battering Plaintiff.

26. As a result of the physical and psychological abuse Plaintiff suffered at the hands of the KHPD and Officer Lindquist, Plaintiff had to be taken to the Emergency Room at Beaumont Hospital.

27. Immediately after the arrest, Plaintiff began having migraines and vomiting episodes. Plaintiff immediately drove to his personal/family physician's office. His family physician would not release him due to an extreme and dangerously elevated blood pressure reading. Plaintiff's family physician called an

ambulance by which Plaintiff was transported from his family physician's office to the emergency room at Beaumont Hospital, Royal Oak, where plaintiff stayed and was not released until the following day.

28. Fifteen (15) years prior to the incident occurring on or about July 14, 2021, involving the unlawful arrest and detainment of Plaintiff by LINDQUIST, Plaintiff was victim to police brutality, as a result, LINDQUIST's unlawful conduct toward Plaintiff caused and or exacerbated Plaintiff's serious traumatic injury.

29. Plaintiff in this sense, is an eggshell Plaintiff and Defendant LINDQUIST's actions exacerbated an already existing mental and psychological injury possessed by Plaintiff.

30. By the foregoing acts, Defendant racially unlawfully stopped, detained, arrested, assaulted, and battered Plaintiff, and otherwise violated Plaintiff's Constitutional, State and Federal statutorily protected Civil Rights.

31. The violation of Plaintiff's Constitutional Rights, by Defendant Officer Lindquist, was facilitated by the policies, practices, customs, as well as the subsequent and on-going participation and ratification of same by the Keego Harbor Police Department.

32. Any reasons given for Plaintiff's stop, detainment, arrest and battering were a pretext for LINDQUIST's real reason, i.e., Plaintiff was an African American.

33. Plaintiff's injuries were caused by the deliberate and intentional acts of

Defendant LINDQUIST and were reasonably foreseeable.

34. Plaintiff suffered injuries to his groin, wrists and general health as a result of Defendant's violation of Plaintiff's Constitutional and Statutorily secured rights and immunities from said violations of his Civil Rights. Also, at the hands of Defendant, Plaintiff suffered from public humiliation, public embarrassment, mortification, emotional and psychological injuries. Plaintiff will continue to suffer said injuries for an indeterminable period. Defendant's violation of Plaintiff's Constitutional and Statutory rights were perpetrated against Plaintiff under color of law and pursuant to the unlawful discriminatory customs, policies and practices of, KHPD.

## CLAIMS

### *FIRST CLAIM FOR RELIEF*

**42 U.S.C. § 1983**
**Unlawful Stop, Detainment and Arrest in**
**Violation of the Fourth Amendment**
**Against Defendant Lindquist**

35. Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs, as if fully set forth herein.

36. 42 U.S.C. § 1983 provides that:

> "Every person, who under the color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation

9

>of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . ."

37. At all times alleged herein, Defendant OFFICER LINDQUIST was acting under the color of law.

38. The Fourth Amendment to the United States Constitution holds that people have the right to be secure against unreasonable searches and seizures by law enforcement officers.

39. Defendant OFFICER LINDQUIST intentionally deprived Plaintiff of clearly established rights secured under the United States Constitution – specifically the Fourth Amendment right to be secure from unreasonable seizures when LINDQUIST subjected Plaintiff to an unlawful stop, seizure, eventual arrest, and otherwise deprived Plaintiff of privileges and immunities by further violating Plaintiff's constitutional and statutory rights, by unlawfully assaulting and battering Plaintiff.

40. Plaintiff's Constitutional rights were clearly established at the time of the violation because a reasonable Officer would understand that such acts would cause a deprivation of Plaintiff's Fourth Amendment right.

41. Defendant LINDQUIST's stop, detainment and eventual arrest of Plaintiff was unreasonable and not supported by reasonable suspicion or probable cause.

42. Defendant LINDQUIST's intentional and deliberate indifference to Plaintiff's well-established Constitutional rights was the moving force behind the deprivation of Plaintiff's Constitutional Rights.

43. As a direct and proximate result of Defendant LINDQUIST's actions, Plaintiff sustained, inter alia, the following injuries which were a foreseeable consequence of Defendants' actions:

   a. Conscious, physical, psychological and emotional pain, suffering, anguish, distress, and fear, past and future;

   b. Plaintiff's constant and on-going sense of uncertainty and insecurity with regard to basic human rights;

   c. Disruption of Plaintiff's everyday life and the rights secured therein; and

   d. Physical injuries sustained as a result of the unwanted physical contact of Defendants.

44. As a direct and proximate result of the unconstitutional acts of the Defendant as alleged herein, Plaintiff has sustained a violation of his right clearly established under the United States Constitution's Fourth Amendment, as a result, is entitled to damages that include, but are not limited to:

   a) Damages for physical and bodily injury;
   b) Damages for medical expenses;
   c) Damages for pain and suffering;
   d) Damages for embarrassment, humiliation, outrage, mental anguish, fear and mortification, and stress.
   e) Punitive damages in the amount of 10 million dollars; and
   f) Attorney fees and costs, pursuant to 42 U.S.C. § 1988.

## *SECOND CLAIM FOR RELIEF*

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT OFFICER LINDQUIST

45. Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs, as if fully set forth herein.

46. On or about July 14, 2021, Defendant OFFICER LINDQUIST intentionally, physically pushed, poked, handcuffed and violently threw Plaintiff's body into an automobile while calling him a "Dog."

47. On or about July 14, 2021, Defendant OFFICER LINDQUIST spoke to Plaintiff in a condescending, demeaning and impudent manner while unlawfully stopping and arresting Plaintiff.

48. The foregoing actions by Defendant OFFICER LINDQUIST were an intentional, unlawful, unauthorized and or offensive touching of Plaintiff's person.

49. Defendant OFFICER LINDQUIST, under the circumstances created well-founded fear in Plaintiff.

50. Plaintiff had lawful access to the area in which he was assaulted and battered in that he was simply walking down the street;

51. Defendant LINDQUIST'S actions against Plaintiff are extreme and outrageous and are the type of conduct that falls outside all bounds of human decency, thus shocking the human conscious.

52. Defendant LINDQUIST acted with the intent to cause Plaintiff emotional distress or with a reckless disregard as to whether his actions would lead to said emotional distress.

53. Defendant LINDQUIST'S conduct as outlined above was for an ulterior motive or purpose.

54. Defendant LINDQUIST'S actions are a direct and proximate cause of Plaintiff's emotional distress.

55. Plaintiff suffered severe emotional distress as a result of Defendant LINDQUIST's conduct in violation of Michigan's common law.

WHEREFORE, Plaintiff demands the following relief against Defendant, LINDQUIST, for the violation of his rights as set forth herein:

   a. Damages for physical and bodily injury;
   b. Damages for medical expenses;
   c. Damages for pain and suffering;
   d. Damages for embarrassment, humiliation, outrage, mental anguish, fear and mortification, and stress.
   e. Punitive damages in the amount of 10 million dollars; and
   f. Attorney fees and costs, pursuant to 42 U.S.C. § 1988

November 3, 2023

Respectfully submitted,

**MUNGO & MUNGO AT LAW, PLLC**

By: /s/Leonard Mungo

                                  Leonard Mungo (P43562)
                                  Mungo & Mungo at Law, PLLC
                                  Attorneys for Plaintiff
                                  31700 Telegraph Rd., Ste 250
                                  Bingham Farms, MI 48025
                                  (248)792-7557 (phone)
                                  (248)792-7303 (fax)
                                  Caseaction@Mungoatlaw.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRIAN CHANEY,

      Plaintiff,

vs.

      Case No.: 2:21-cv-11662
      Honorable: J.C. Grey

OFFICER RICHARD LINDQUIST, in his individual capacity

      Defendants.

_____/

| | |
|---|---|
| Mungo & Mungo at Law, PLLC | Rosati Schultz Joppich |
| Leonard Mungo (P43562) | & Amtsbuechler PC |
| Attorneys for Plaintiff | Margaret T. Debler (P43905) |
| 31700 Telegraph Rd., Ste 250 | Attorney for Defendant Lindquist |
| Bingham Farms, MI 48025 | 27555 Executive Drive Ste. 250 |
| (248)792-7557 (phone) | Farmington Hills, MI 48331 |
| (248)792-7303 (fax) | (248) 489-4100 |
| Caseaction@Mungoatlaw.com | mdebler@rsjalaw.com |

_____/

## DEMAND FOR JURY TRIAL

      Plaintiff demands a jury trial on all causes of action and claims to which he has a right to a jury trial.

                          Respectfully submitted,

                          By: */s/Leonard Mungo*
                          Mungo & Mungo at Law, PLLC
                          Attorneys for Plaintiff
                          31700 Telegraph Rd., Ste 250
                          Bingham Farms, MI 48025
                          (248)792-7557 (phone)
                          (248)792-7303 (fax)
                          Caseaction@Mungoatlaw.com

Date: November 3, 2023